**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JERRY WAYNE DAMPF,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 09-CV-0283-CVE-TLW |
| | ) |
| **DAVID PARKER, Warden,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 7) to the motion to dismiss. He also filed a motion to supplement (Dkt. # 11) his response. Respondent seeks dismissal of this action under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

As a preliminary matter, the Court finds Petitioner's motion to supplement the response (Dkt. # 11) shall be granted. The Court shall consider the information contained in the motion to supplement in resolving the motion to dismiss filed by Respondent.

*BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2001-206. See Dkt. # 10, Ex. 2. The docket sheet provided by Respondent reflects that on July 26, 2001, the state district court found Petitioner guilty after accepting his pleas of guilty to Lewd

Molestation (Count 1), Forcible Sodomy (Count 2), First Degree Rape (Count 3), and Rape by Instrumentation (Count 4). See Dkt. # 6, Ex. 1 at pages 5-6 of 19. On September 6, 2001, Petitioner was sentenced to ten (10) years imprisonment on each of Counts 1, 2, and 4, to be served concurrently with each other, and to life imprisonment on Count 3, to be served consecutive to Counts 1, 2, and 4. Id. at pages 7-8 of 19. Petitioner did not file a motion to withdraw plea and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

On July 16, 2002, Petitioner filed a motion for judicial review and sentence modification. Id. at page 12 of 19. The trial court held a hearing on the motion. By order filed September 4, 2002, the court granted the motion and modified Petitioner's sentence on Count 3 to life imprisonment suspended except the first 25 years, to be served concurrently with Counts 1, 2, and 4. Id.

On December 26, 2002, Petitioner filed an application for post-conviction relief. Id. at page 13 of 19. By order filed February 4, 2004, the state district court denied post-conviction relief. Id. Petitioner appealed. By order filed May 7, 2004, in Case No. PC-2004-196, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 6, Ex. 2.

On May 19, 2008, Petitioner filed a second application for post-conviction relief requesting an appeal out of time. By order filed June 20, 2008, the state district court denied the request for post-conviction relief and recommended denial of an appeal out of time. See Dkt. # 6, Ex. 3. Petitioner appealed. By order filed September 22, 2008, in Case No. PC-2008-663, the OCCA affirmed the denial of Petitioner's subsequent applications for post-conviction relief. See Dkt. # 6, Ex. 4.

Petitioner commenced this habeas corpus action on May 15, 2009. See Dkt. # 1. In response to the petition, Respondent asserts that this action is time-barred. See Dkt. # 5.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2001-206, his convictions became final, pursuant to § 2244(d)(1)(A), ten (10) days after pronouncement of his

3

Judgment and Sentence, or on September 17, 2001.[1]  See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on September 17, 2001. Absent a tolling event, a federal petition for writ of habeas corpus filed after September 17, 2002, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. The application for judicial review was filed on July 16, 2002, or before the limitations deadline.  However, a motion for judicial review is not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period.  Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)).  Furthermore, neither of Petitioner's applications for post-conviction relief, filed December 26, 2002, and May 19, 2008, serves to toll the one-year limitations period because both

---

[1]The tenth day after pronouncement of Petitioner's Judgment and Sentence was Sunday, September 16, 2001.  As a result, Petitioner had until the next business day, Monday, September 17, 2001, to file a motion to withdraw his guilty pleas.

were filed after the limitations period had already expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, neither of Petitioner's post-conviction proceedings filed after the limitations deadline of September 17, 2002, tolled the limitations period. Therefore, this action, commenced on May 15, 2009, appears to be untimely.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). A claim of actual innocence may warrant equitable tolling, see Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), although the applicant must also show that he "diligently pursue[d] his federal habeas claims," id. To establish "actual innocence," an applicant must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," id. at 327. Such new evidence must "affirmatively demonstrate[ ] his innocence," not simply

"undermine the finding of guilt against him." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted).

In response to the motion to dismiss, Petitioner argues, in large part, the merits of the claims raised in the petition for writ of habeas corpus. He complains that he was denied a *certiorari* appeal through no fault of his own, that he was forced to plead guilty, and that he is actually innocent of the crimes to which he plead guilty. In the motion to supplement his response, Petitioner also asserts that the claim asserted in ground one of his petition challenges the jurisdiction of the state district court and should survive a limitations bar. Upon review of the record and Petitioner's arguments, the Court finds that Petitioner has not demonstrated that he pursued his federal claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's arguments are insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978.

The Court recognizes that Petitioner provides a summary of his efforts to obtain an appeal out of time in state court. Those efforts spanned six (6) years. However, as discussed above, the federal limitations period had already expired before Petitioner filed his first application for post conviction relief. The Court further finds that Petitioner has presented no new evidence supporting his claim of actual innocence. In pleading guilty, Petitioner admitted that he "preformed oral sex, vaginal intercourse and digital penetration on the vagina of a female under the age of 14 years in Tulsa County." See Dkt. # 11, Ex. R. Although he now provides an affidavit of the victim, dated June 18, 2005, denying that she and Petitioner hugged and kissed while parked in Petitioner's vehicle in front of the middle school where she was a student, see Dkt. # 7, Ex. L, that affidavit does

6

not affirmatively demonstrate that Petitioner is actually innocent of the crimes to which he pled guilty. Petitioner is not entitled to equitable tolling based on a claim of actual innocence.

Because Petitioner is not entitled to equitable tolling, the Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to supplement (Dkt. # 11) is **granted**.
2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.
3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
4. A separate Judgment shall be entered in this case.

**DATED** this 15th day of December, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT